Lucille Hedlund, Petitioner-Appellant,

v.

Wisconsin Department of Health Services,
Respondent-Respondent.

Court of Appeals

*No. 2010AP3070. Submitted on briefs August 9, 2011.
—Decided October 13, 2011.*

2011 WI App 153

(Also reported in 807 N.W.2d 672.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Thomas R. Jacobson* and *Diane M. Odeen* of *Lommen, Abdo, Cole, King & Stageberg, P.A.*, Hudson.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Robert M. Hunter*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Lundsten, P.J., Vergeront and Blanchard, JJ.

¶ 1. VERGERONT, J. Lucille Hedlund appeals an order of the circuit court affirming an administrative decision denying her medical assistance on the ground that a trust is an available resource for her. Hedlund

contends the trust is not an available asset within the meaning of WIS. STAT. § 49.454(3)(a) (2007–08).[1] Specifically, Hedlund contends that her resources were not used to form the trust because the assets that her children placed into the trust were gifts she had given them that day; thus, § 49.454 does not apply. We conclude that the trust is available to Hedlund under § 49.454(3)(a). Accordingly, we affirm.

## BACKGROUND

¶ 2. The following facts are undisputed. In June 1991, Hedlund and her husband transferred all their real property and financial assets to their three children, except for one checking account. That same day the children created The Clarence and Lucille Hedlund Family Trust. Also on that same day, and in the same document in which Hedlund and her husband transferred their assets to their children, the children transferred to the trust all of the assets their parents transferred to them. In January 1992, Hedlund and her husband transferred additional real property to the children, who transferred that property to the trust that same day.

¶ 3. The trust instrument provides that the trust is irrevocable. The trustee is one of the children. The stated purpose of the trust is to provide for the support and welfare of Clarence and Lucille Hedlund. The trust instrument also provides that the income and corpus of the trust are to be used only when no other funds are available and to supplement any funds the beneficiaries are entitled to receive as social security and medical assistance benefits. Upon the death of Hedlund and her

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

husband, the three children are to receive all assets remaining in the trust. Hedlund's husband is deceased.

¶ 4. Hedlund entered a nursing home in June 2008, seventeen years after the trust was created, and she applied for medical assistance. Polk County Human Services denied her application on the ground that the trust was an available asset and therefore her assets exceeded the asset limit for medical assistance eligibility. Hedlund contested this decision at a hearing before an administrative law judge (ALJ) of the Division of Hearings and Appeals. The ALJ affirmed the denial of medical assistance on the ground that, under WIS. STAT. § 49.454(3)(a), the trust was available to Hedlund and thus her assets exceeded the limit for medical assistance eligibility. Hedlund filed a petition for review of this decision in the circuit court, and the circuit court affirmed.

## DISCUSSION

¶ 5. The primary issue on appeal is whether the trust is available to Hedlund under WIS. STAT. § 49.454 for purposes of determining whether she is financially eligible for medical assistance.[2]

¶ 6. Medical assistance is a joint federal and state program aimed at ensuring medical care for those who

---

[2] Hedlund also argues on appeal that we should determine whether the trust is available for medical assistance eligibility purposes by applying WIS. STAT. § 49.45(23) (1991–92), the statute in effect when the trust was created, instead of § 49.454(3)(a) (2007–08), the statute in effect when she applied for medical assistance. However, Hedlund did not present this issue to the ALJ, and first raised this issue in her reply brief before the circuit court. The general rule is that a party must raise an issue before the administrative agency in order to preserve the issue for judicial review. *State v. Outagamie Cnty.*

cannot pay for their own care. *Tannler v. DHS*, 211 Wis. 2d 179, 190, 564 N.W.2d 735 (1997) (citation omitted). An applicant seeking medical assistance must meet statutorily prescribed financial requirements. *See* WIS. STAT. § 49.47(4)(b)3g.e. Section 49.454 governs the treatment of trusts. If this statute applies to the Hedlund trust and if, pursuant to § 49.454(3), the trust is available to Hedlund, then the trust is considered in determining whether Hedlund meets the financial eligibility requirements for medical assistance. *See* § 49.454.

■

¶ 7. In reviewing Hedlund's claim that the ALJ erred in concluding that WIS. STAT. § 49.454 applies and the trust is available, we review the ALJ's decision, not that of the circuit court. *See Estate of Hagenstein v. DHFS*, 2006 WI App 90, ¶ 19, 292 Wis. 2d 697, 715 N.W.2d 645. Because the administrative agency's decision involves interpreting § 49.454, we are presented with a question of law, which is generally subject to de novo review. *See Racine Harley-Davidson, Inc. v. Div. of Hearings & Appeals*, 2006 WI 86, ¶ 11, 292 Wis. 2d 549, 717 N.W.2d 184. However, courts may accord deference to an agency's statutory interpretation in particular circumstances. *Hagenstein*, 292 Wis. 2d 697, ¶ 20. Specifically, instead of conducting a de novo review, a court may give due weight deference or great weight deference to an agency's statutory interpretation. *Id.*

¶ 8. Hedlund and the Department disagree on the correct standard of review in this case: Hedlund contends the de novo standard is applicable, while the Department contends due weight deference is appli-

*Bd. of Adjustment*, 2001 WI 78, ¶ 55, 244 Wis. 2d 613, 628 N.W.2d 376. We see no reason to deviate from this general rule in this case.

cable. We will assume without deciding that the de novo standard of review is appropriate.

¶ 9. When we interpret a statute, we begin with its language and give it its common meaning. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We interpret statutory language in the context in which it is used, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.,* ¶ 46 (citations omitted). We consider the context and purpose of the statute insofar as they are ascertainable from the text and structure of the statute. *Id.,* ¶ 48. If, employing these principles, we conclude the statutory language has a plain meaning, we apply the statute according to that plain meaning. *Id.,* ¶ 46 (citations omitted).

¶ 10. Turning to the language of WIS. STAT. § 49.454, we see that it applies to a trust, subject to certain exceptions not relevant here, if two requirements are met: (1) "if assets of the individual or the individual's spouse were used to form all or part of the corpus of the trust"; and (2) "if any of the following persons established the trust" (other than by will):

1. The individual.

2. The individual's spouse.

3. A person, including a court or administrative body with legal authority to act in place of or on behalf of the individual or the individual's spouse.

4. A person, including a court or administrative body, acting at the direction or upon the request of the individual or the individual's spouse.

WIS. STAT. § 49.454(1)(a).

¶ 11. Hedlund contends that the first requirement is not met because her assets were not used to form the trust; rather, she asserts, her children's assets were used to form the trust. Hedlund asserts that the phrase "assets of the individual" means that the individual is the legal owner of the assets at the time they are placed in the trust. According to Hedlund, she was not the legal owner of the assets when they were placed in the trust because she had already given the property to her children earlier in the day on each of the two days when the children placed the property into the trust. She contends that if, for any length of time, there are owners intervening between the individual and the contribution to the trust, WIS. STAT. § 49.454 does not apply.

¶ 12. We reject Hedlund's proposed construction because it adds a limitation not expressed in the statutory language, and this limitation is inconsistent with other language in WIS. STAT. § 49.454(1)(a) and inconsistent with the purpose of § 49.454 when considered in the context of the entire statutory scheme.

¶ 13. The disputed statutory language requires that the "assets of the individual . . . were used to form all or part of the corpus of the trust." WIS. STAT. § 49.454(1)(a). It does not require that the individual have legal ownership of the assets used to form the trust *at the time the trust is formed.* Reading this italicized language into the first requirement would be inconsistent with a provision in the second requirement, which concerns who establishes the trust that uses the individual's assets to form the corpus. *See* § 49.454(1)(a)1–4. Specifically, trusts are included that are established by a person "acting at the direction or upon the request of the individual . . . ." § 49.454(1)(a)4. These are persons other than persons who have the

641

legal authority to act on behalf of the individual; such legally authorized persons are included in a separate category. *See* § 49.454(1)(a)3.

¶ 14. Thus, under WIS. STAT. § 49.454(1)(a)4, trusts established with the individual's assets are included even if established by someone other than the individual or person with legal authority to act on behalf of the individual. This necessarily means that the individual's assets must be transferred to the person establishing the trust: a person without the legal authority to act on behalf of the individual could not establish a trust using the individual's assets as a corpus if the individual retained legal ownership of the trust assets.

¶ 15. The category of persons in WIS. STAT. § 49.454(1)(a)4 plainly brings within § 49.454 trusts that are not established *directly* by an applicant or person legally authorized to act on behalf of the applicant but are *indirectly* established by the applicant in that the applicant directs or requests another person to establish the trust using the individual's assets. Hedlund's proposed construction—adding a requirement of the applicant's legal ownership of the assets at the time the trust is established—is unreasonable because it would exclude all trusts that come within the category plainly established in § 49.454(1)(a)4.[3]

---

[3] We have focused our discussion on the phrase "assets of the individual" because Hedlund has done so. However, we note that "assets of the . . . individual's spouse" are also included in the first requirement, and the second requirement includes corresponding language. *See* WIS. STAT. § 49.454(1)(a)2–4. Thus, our analysis would be the same if the assets transferred to the children and placed in the Hedlund trust on the two days in question included assets that were owned by Hedlund's husband but not Hedlund.

¶ 16. Hedlund's proposed construction is also inconsistent with the purpose of the medical assistance program as evident from the statutory text. The medical assistance program was established by statute "[t]o provide appropriate health care for eligible persons." WIS. STAT. § 49.45(1). Various provisions in ch. 49 relate to eligibility and prevent individuals with the financial resources to pay for medical care from becoming eligible for medical assistance. *See, e.g.,* § 49.47(4)(b)3g.e. (providing that the liquid assets of a single applicant for medical assistance are limited to $2000); *see also* § 49.453(2) (providing that an institutionalized individual is ineligible for medical assistance for specified services if the individual transfers assets for less than fair market value within a specified time before applying for medical assistance). Section 49.454, too, is a provision meant to prevent those with sufficient available resources, albeit in a trust, from receiving medical assistance before they use their own resources for their care. This purpose would be thwarted if an applicant for medical assistance could transfer assets to another, who then, at the direction or request of the applicant, puts the assets in trust for the benefit of the applicant.

¶ 17. Accordingly, we conclude that "assets of the individual" within the meaning of WIS. STAT. § 49.454(1)(a) are not restricted to assets that are legally owned by the individual at the time the trust is established. Reading § 49.454(1)(a) as a whole and in the context of the entire medical assistance statute, we conclude that trusts are covered under § 49.454 if the assets of the individual are transferred to another person who, at the direction or request of the individual, uses those assets to form all or part of the corpus of a trust.

■

¶ 18. Turning to the facts in this case, there is no dispute that the assets used to form the corpus of the Hedlund trust were the assets of Hedlund and her husband, which she and her husband transferred to their children, who transferred the assets to the trust on the same day.[4] The question then is whether the trust was established by the children "at the direction or upon the request of" Hedlund. *See* WIS. STAT. § 49.454(1)(a)4. Hedlund does not develop an argument that directly asserts that the trust was not established at her direction or upon her request. However, she does argue that the ALJ impermissibly considered her "motive" in transferring the assets to her children because, she asserts, motive is irrelevant under § 49.454(1)(a). Hedlund also argues that certain findings related to her motive were speculative and not supported by the evidence. We will consider these arguments to be addressing the requirement in § 49.454(1)(a)4 that the person establishing the trust act "at the direction or upon the request of the individual or the individual's spouse." For the reasons we explain below, we conclude that neither of Hedlund's arguments has merit.

¶ 19. With respect to the relevancy of Hedlund's motive in transferring her assets to her children, it is true that WIS. STAT. § 49.454(1)(a) does not mention the word "motive." However, § 49.454(1)(a)4 plainly does require that the trust have been established by her

---

[4] Hedlund does not argue, and there is no evidence, that the corpus of the trust was formed by any assets other than those the Hedlunds transferred to the children on the two days in question. If there were such evidence, WIS. STAT. § 49.454(1)(b) would come into play, which provides that paragraph (a) applies only to the portion of the trust attributable to the assets of the individual or the individual's spouse.

children at Hedlund's "direction or upon [her] request." Therefore Hedlund's motive or purpose in transferring her assets to her children is relevant insofar as it bears on whether she did direct or request her children to establish a trust with the assets she transferred to them.

¶ 20. With respect to the ALJ's factual findings, Hedlund treats the following as factual findings and argues that they are speculative and not supported by the evidence:

> [T]he various transfers were never meant to help the children but rather were designed solely to use [Hedlund's] resources to set up a trust for her own benefit.
>
> . . . .
>
> Although the money was transferred to [Hedlund's] children, this was merely an intermediate step in setting up the trust, which, as noted, was solely for the benefit of the petitioner and her late spouse.

¶ 21. Our standard of review with respect to an administrative agency's findings of fact is that we accept the findings if supported by substantial evidence in the record. WIS. STAT. § 227.57(6). This test means that, taking into account all of the evidence in the record, we inquire whether reasonable minds could arrive at the same conclusion as the agency did. *Kitten v. DWD*, 2002 WI 54, ¶ 5, 252 Wis. 2d 561, 644 N.W.2d 649 (citation omitted). The ALJ, as the finder of fact, is entitled to make reasonable inferences from the evidence. *See Stein v. State Psychology Examining Bd.*, 2003 WI App 147, ¶ 33, 265 Wis. 2d 781, 668 N.W.2d 112 (citation omitted). "If the factual findings of the

administrative body are reasonable, they will be upheld." *Kitten,* 252 Wis. 2d 561, ¶ 5.

¶ 22. The documentary evidence in this case shows that the Hedlunds transferred all their property except for one checking account to their children, and, on the same day *in the same document,* the children transferred that property to the trust, which was also created on that same day. The ALJ's inference that Hedlund transferred her assets to her children for the purpose of establishing the trust for her and her husband's benefit is certainly a reasonable inference from the evidence, if not the only reasonable inference. This reasonable inference—that the purpose of the transfer of assets to her children was so that her children would establish a trust for the benefit of her and her husband—satisfies the requirement in WIS. STAT. § 49.454(1)(a)4. that her children created the trust at the direction or upon the request of Hedlund and her husband.

¶ 23. Hedlund argues that there were benefits to establishing the trust other than a benefit to herself and her husband, such as tax and estate planning benefits for the entire family. This is an undeveloped argument factually and legally. However, even if these other benefits resulted from the trust, it does not follow that the trust was not established at Hedlund's direction or upon her request.

¶ 24. Because the trust meets the requirements of WIS. STAT. § 49.454(1)(a), the trust is considered available for purposes of medical assistance eligibility as provided in either § 49.454(2), which governs revocable trusts, or § 49.454(3), which governs irrevocable trusts.

¶ 25. It is undisputed that the Hedlund Family Trust is an irrevocable trust. WISCONSIN STAT. § 49.454(3)(a) provides:

If there are circumstances under which payment from an irrevocable trust could be made to or for the benefit of the individual, the portion of the corpus from which, or the income on the corpus from which, payment to or for the benefit of the individual could be made is considered a resource available to the individual . . . .

¶ 26. The Hedlund trust provides that the trustee may use

the income and corpus of the trust as may be necessary to provide for the support and general welfare of . . . Lucille Hedlund . . . when there are no other funds available for such purposes; specifically, such funds shall be used to supplement any funds [she is] entitled to receive as social security and medical assistance benefits.

The trust thus plainly provides that the entire corpus and income of the trust is available as necessary for Hedlund's support and general welfare. Hedlund does not argue that, if Wis. Stat. § 49.454 is applicable to the trust, the income and corpus is not available to her under § 49.454(3)(a); and we conclude there would be no merit to such an argument.

¶ 27. In summary, Wis. Stat. § 49.454 applies and, pursuant to § 49.454(3)(a), the trust is available to Hedlund for purposes of determining medical assistance eligibility.

CONCLUSION

¶ 28. We affirm the order of the circuit court affirming the ALJ's denial of medical assistance.

*By the Court.*—Order affirmed.